UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Thomas G. Egner, Esquire
McDowell Law, PC
46 West Main Street
Maple Shade, NJ 08052
(856) 482-5544
Attorneys for Debtor

**Order Filed on April 28, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

Shirley L. Simpson

Debtors.

| | |
|---|---|
| Case No.: | 24-20498 |
| Hearing Date: | 4/28/2026 |
| Chapter: | 13 |
| Judge: | ABA |

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: April 28, 2026**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____ 5427 Burwood Avenue, Pennsauken _____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Nicole Snyderman, Realtor |
| Amount to be paid: | up to 5.00 % of sales price of $245,000.00 + $395 (may be split w/buyers agent per contract) |
| Services rendered: | Realtor: List, market and assist seller through closing |

**OR**:  ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

2

5.  The amount of $___27,900.00___ claimed as exempt may be paid to the Debtor.

6.  The ☐ *balance of proceeds* or the ☒ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7.  A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8.  ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

1.   If the proceeds are not sufficient to pay off the Chapter 13 Case, Debtor shall file a modified plan and amend Schedule J within 21 days of closing.
2.   The 14 day stay of effectiveness of this Order under Bankruptcy Rule 6004(h) is waived. The 14 day stay of effectiveness of this Order under Bankruptcy Rule 8002(a)(1). All appeals on this matter are hereby waived.  The Order Authorizing the sale shall be effective upon its entry.
3.   Any Creditor's liens shall be paid in full from the closing proceeds, pursuant to a proper payoff quote obtained prior to and good through the closing date.
4.   Any tax liens shall be paid in full from the closing proceeds, pursuant to a proper payoff quote obtained prior to and good through the closing date.
5.   The sale of the subject property shall closing within ninety (90) days from entry of the Order Authorizing Sale.

*rev.1/12/22*

3